## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

KAIUMATI K. ROCHE,

     Plaintiff,

     v.

KATIE M. LANE

     Defendant.

Civil No. 24-1354 (ADC)

## OPINION AND ORDER

Before the Court is a motion for reconsideration filed by defendant Katie M. Lane ("defendant") on June 9, 2025. **ECF No. 37**.[1] Defendant's request for reconsideration of the order denying summary judgment is not a run-of-the-mill motion under Fed. R. Civ. P. 59. **ECF No. 37** at 1. Instead, defendant expressly relies on Fed. R. Civ. P. 54(b). *Id.* Because defendant does not have a right to seek reconsideration of this Court's March 17, 2026, Opinion and Order (**ECF No. 36**) under to Fed. R. Civ. P. 54(b), the motion at **ECF No. 37** is **DENIED**.

Fed. R. Civ. P. 54(b) came about as a response to the proliferation of multiclaim and multi-defendant cases. *See Wright and Miller*, 15A Fed. Prac. & Proc. Juris. § 3914.7 (3d ed.). In such cases, waiting for a final judgment (generally, where there is nothing left for the Court "to do")[2]

---

[1] Plaintiff Kaiumati K. Roche filed a response in opposition. **ECF No. 38**. Defendant filed a reply on May 11, 2026. **ECF No. 43.**

[2] *See WM Cap. Partners 53, LLC v. Barreras, Inc.*, 975 F.3d 77, 83 (1st Cir. 2020)(citing *Catlin v. United States*, 324 U.S. 229 (1945)).

would result in unnecessary costs and confusion. *Id*. In its current iteration, Fed. R. Civ. P. 54(b), in relevant part, provides that "[w]hen an action presents more than one claim for relief… the court may direct entry of a final judgment as to one or more, but fewer than all, claims…. any order… that adjudicates fewer than all the claims… may be revised at any time before the entry of a judgment adjudicating all the claims…." Fed. R. Civ. P. 54. Because the challenged Opinion and Order at **ECF No. 36** did not adjudicate any claim, Fed. R. Civ. P. 54 is inapposite.

Defendant's request for reconsideration is also unavailing under the usual standard applied to such requests. A court has the inherent power to reconsider its interlocutory decisions, which are reviewed only for abuse of discretion. *See Ruiz-Rivera v. I.R.S.*, 93 F. App'x 244, 246 (1st Cir. 2004); *Greene v. Union Mut. Life Ins. Co. of America*, 764 F.2d 19, 22 (1st Cir. 1985). Thus usually, this Court analyzes "any motion seeking the reconsideration of a judgment or order . . . as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) if it seeks to change the order or judgment issued." *Villanueva-Méndez v. Nieves Vázquez*, 360 F. Supp. 2d 320, 323 (D.P.R. 2005), *aff'd*, 440 F.3d 11 (1st Cir. 2006).

"[A] motion for reconsideration should be granted if the court 'has patently misunderstood a party . . . or has made an error not of reasoning but [of] apprehension.'" *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008) (quoting *Sandoval-Díaz v. Sandoval-Orozco*, 2005 WL 1501672, at *2 (D.P.R. June 24, 2005)). Moreover, a motion for reconsideration must "either clearly establish a manifest error of law or . . . present newly discovered evidence." *Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15 (1st Cir. 2006); *see also*

*Villanueva-Méndez*, 360 F. Supp. 2d at 325 ("The Court may grant a party's motion for reconsideration if the movant presents new evidence not previously available, an intervening change in controlling law or the need to correct a clear error of law . . . .").

Defendant has failed to establish that it has new evidence, that there is a change in the law, or that the Court committed a "clear error" of law. **ECF No. 37**. Indeed, the challenged Opinion and Order makes it pellucid that defendant's motion for summary judgment failed to carry the day because it did not meet Fed. R. Civ. P. 56's standards, among other things. **ECF No. 36**. Defendant, on the other hand, simply reiterates her arguments under Puerto Rico's substantive law. **ECF No. 37**.[3] Accordingly, the motion for reconsideration fails to meet Fed. R. Civ. P. 59(e) bar and is, thus, **DENIED**.

For the reasons stated above, the Court **DENIES** defendant's motion for reconsideration at **ECF No. 37**.

SO ORDERED.

At San Juan, Puerto Rico, on this 29th day of July 2026.

>                            **S/AIDA M. DELGADO-COLÓN**
>                            **United States District Judge**

---

[3] "[A] motion for reconsideration cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court." *Villanueva-Méndez*, 360 F. Supp. 2d at 322. The Court "[T]he district court has substantial discretion and broad authority to grant or deny such a motion." *Ruiz Rivera*, 521 F.3d at 81 (quoting *United States v. 5 Bell Rock Rd.*, 896 F.2d 605, 611 (1st Cir.1990)).